UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

FOOD VENTURES NORTH AMERICA, INC.
d/b/a WILD FORK FOODS and
Mariposa Plaza, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Food Ventures North America, Inc. doing business as the Wild Fork Foods store located at 1180 S Dixie Highway and Defendant Mariposa Plaza, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Food Ventures North America, Inc. (also referenced as "Defendant Food Ventures," "operator," lessee" or "co-Defendant") is a foreign for-profit corporation authorized to operate in Florida. Defendant Food Ventures is the owner and operator of the Wild Fork Foods store located at 1180 S Dixie Highway, Miami, Florida 33146.

6. Defendant Mariposa Plaza, LLC (also referenced as "Defendant Mariposa," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in Florida which is also the owner of real property located at 1180 S Dixie Highway, Miami, Florida 33146, more fully identified as Folio 03-4130-000-0024. Defendant's Vista's real property is built-out as a Citibank, a CVS Pharmacy and as a Wild Fork Foods meat market (which is the subject of this complaint).

## FACTS

7. At all times material hereto, Defendant Mariposa's real property has been leased to co-Defendant Food Ventures. The lessee in turn has operated its Wild Fork Foods store within that leased space.

8. Defendant Food Ventures owns and operates a chain of meat markets branded as "Wild Fork Foods" stores. The Wild Fork Foods stores are purveyors of farm-to-freezer fresh frozen beef, fowl, pork and fish doing business under the brand "Wild Fork Foods." All Wild Fork Foods Stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Wild Fork Foods store located at 1180 S Dixie Highway, Miami which is the subject of this complaint is also referenced as "Wild Fork Foods store," "Wild Fork Foods store at 1180 S Dixie Highway," "meat market," or "place of public accommodation."

9. At all times material hereto, Defendant Food Ventures was (and is) a company owning and operating stores under the "Wild Fork Foods" brand which are open to the public. Each of the Defendant's meat markets (including the Wild Fork Foods store at 1180 S Dixie Highway) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of meat markets which are open to the public, Defendant Food Ventures is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a meat market; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. There are only three Wild Fork locations in Miami-Dade County. Due to the close proximity of Plaintiff's home to the 1180 S Dixie Highway Wild Fork Foods store, on August 9, 2021 Plaintiff went to that Wild Fork Foods store with the intent of purchasing frozen meat products/groceries.

12. While shopping, Plaintiff went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments Plaintiff encountered when patronizing the Wild Fork Foods store, Plaintiff has been denied full and equal access by the operator/lessee of the Wild Fork Foods store (Defendant Food Ventures) and by the owner/lessor of the commercial property which houses the meat market (Defendant Mariposa).

14. On information and belief, Defendant Food Ventures owns and operates 12 Wild Fork Foods stores, therefore Defendant Food Ventures is aware of the ADA and the need to provide for equal access in all areas of its Wild Fork Foods stores. Defendant Food Ventures' failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Wild Fork Foods store located at 1180 S Dixie Highway is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as places of public accommodation (including but not limited to a meat market), Defendant Mariposa is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a commercial property being used as a place of public accommodation, Defendant Mariposa is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, Defendant Mariposa's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is fully

accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Wild Fork Foods store located at 1180 S Dixie Highway, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in

order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Wild Fork Foods store at 1180 S Dixie Highway in order to purchase meat/groceries, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met impediments to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Food Ventures (lessee/operator of the Wild Fork Foods store) and Defendant Mariposa (the owner/lessor of the real property housing that Wild Fork Foods store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the meat market, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Wild Fork Foods store located at 1180 S Dixie Highway.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with

6

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Mariposa is leased to Defendant Food Ventures who operates its Wild Fork Foods store from that location. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Sections 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

ii. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash can is encroaching

   over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iii. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

iv. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 604 of the 2010 Standards for Accessible Design. Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser.  Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars.  Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or

that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

v. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide the appropriate knee clearance of at least 27 in (685 mm) high 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink, in violation of 28 C.F.R. Part 36, Section 4.24.3; 2010 ADA Standards for Accessible Design and Sections 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant Food Ventures (lessee/operator) and Defendant Mariposa (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

28. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Wild Fork Foods store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the meat market therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Mariposa Plaza, LLC (owner of the commercial property operated as a Wild Fork Foods store) and Defendant Food Ventures North America, Inc. (operator of the Wild Fork Foods store located within the co-Defendant's commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities;

c) The Court enter an Order requiring Defendants to alter the commercial property identified as the Wild Fork Foods store located at 1180 S Dixie Highway such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of September 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*